(39 Misc. Rep. 598.)

### In re EAST ONE HUNDRED AND FIFTY-EIGHTH ST.

### In re LYMAN PLACE.

### In re EAST ONE HUNDRED AND SEVENTY-THIRD ST.

(Supreme Court, Special Term, New York County. January, 1903.)

1. ASSESSMENT FOR BENEFITS—INTEREST ON AWARD—INCLUDING IN ASSESSMENT.
　　Under the direct provisions of section 990 of the charter of New York (Laws 1897, c. 378), where, by resolution of the appropriate board, title to the property to be acquired has vested in the city before confirmation of the commissioners' report, the commissioners of estimate and assessment are authorized to include in their assessment for benefits interest on the valuation of the property from the date of the vesting of the title to the date of their report.

2. SAME.
　　The provision of the charter authorizing such interest to be included in the assessment for benefits is within the power of the Legislature.

Objections to the confirmation of the commissioners' reports in proceedings for the opening of East One Hundred and Fifty-Eighth street, Lyman Place, and East One Hundred and Seventy-Third street. Objections overruled, and reports confirmed.

George L. Rives, Corp. Counsel (John P. Dunn and Thomas C. Blake, of counsel), for commissioners.

John C. Shaw, for property owners.

SCOTT, J. The objection to the confirmation of the commissioners' reports in each of these proceedings raises a single question, but one which is of great importance both to the city and to property owners. That question is whether, in condemnation proceedings under the present charter of the city, where, by resolution of the appropriate board, title to the property to be acquired has vested in the city before the confirmation of the commissioners' report, the commissioners of estimate and assessment are authorized to include in their assessment for benefit interest on the valuation of the property from the date of the vesting of title to the date of their report. It has been held in proceedings conducted under the consolidation act (Laws 1882, c. 410), and in proceedings begun under that act and concluded under the charter, where the title vested in the city before the adoption of the charter, that the commissioners could not properly include such interest in their assessment for benefit. Matter of Mayor, 40 App. Div. 452, 58 N. Y. Supp. 100; Matter of East One Hundred and Seventy-Fifth St., 49 App. Div. 114, 63 N. Y. Supp. 468. In each of these cases, however, the Appellate Division expressly declined to pass upon the question now presented, which is, therefore, one of first impression. The direction as to what moneys should be assessed upon the benefited property under the consolidation act was contained in section 1002, which said: "All moneys paid under the provisions of this title [as to street openings] by the mayor, aldermen and commonalty aforesaid, shall be assessed equally and proportionably as far as the same may be practicable, upon the

lands and premises benefited by the improvement," etc. This section is substantially re-enacted in the present charter. Laws 1897, c. 378, § 1003. At the time of the adoption of the consolidation act, and until 1893, the city could not acquire title to the property required until the confirmation of the report of the commissioners of estimate and assessment, and were not required to pay therefor until the expiration of four calendar months thereafter. Under this statute it was the duty of the commissioners to include in the awards for the lands taken not only its actual value at the date of the report, but also a sum equivalent to the interest upon that value for the four months which must elapse before the city could be called upon to pay. Detmold v. Drake, 46 N. Y. 320; Hamersley v. Mayor, 56 N. Y. 536. The assessment for benefit included the whole sum allowed to the property owner for his land, and therefore necessarily included not only the actual value of the land at the time of the report, but something in addition thereto for interest. The amendment to the consolidation act by chapter 660, Laws 1893, worked a substantial change in the law as to the acquisition of title to property for street purposes. The devolution of title upon the city was no longer necessarily postponed until the confirmation of the commissioners' report, and the board of street opening and improvement was empowered to provide by resolution that title to the property to be taken should vest in the city at a date to be fixed by it anterior to the date of confirmation of the report. In proceedings in which such a resolution was adopted it was the duty of the commissioners to appraise the value of the land taken as of the date that title vested in the city, but, since that value alone would not afford full compensation to the owner, it was provided that the city should pay him the value thus fixed, with interest thereon from the date when title to the lands had vested in the city. As was pointed out in Matter of East One Hundred and Seventy-Ninth St., supra, it would be impossible for the commissioners to include this interest in their assessment, because they had no means of foretelling when the city would pay the principal. It was this impossibility of ascertaining in advance how long the payments of awards would be delayed, and therefore how much interest would accrue, that made it impracticable to assess any part of the interest upon the benefited property under the provisions of section 1002 of the consolidation act. The framers of the new charter, doubtless having this difficulty in mind, undertook to divide the interest upon deferred payments into two parts, treating so much as accrued from the date of the vesting of title until the date of the commissioners' report as a part of the compensation paid to the owner whose property is taken, and so much as accrues after the date of the report as damages to be paid to the property owner for deferring his payment. Section 990 of the charter provides that:

"In such cases interest at the legal rate upon the sum or sums to which the owners, lessees, parties or persons are justly entitled upon the date of vesting of title in the city of New York, as aforesaid, from said date to the date of the report of the commissioners shall be allowed by the commissioners as a part of the compensation to which such owners, lessees, parties or persons are entitled."

This is a legislative declaration as to the rule of damages to be applied by the commissioners, and was one within the powers of the Legislature to adopt. The city could not be authorized to take private property without making just compensation therefor, but the manner in which that compensation is to be ascertained and fixed is a question for legislative determination. It has chosen to say that the value shall be deemed to be the value at the time of taking plus the interest to the date of the report. When the value at the time of vesting of title has been ascertained, the computation of interest to the date of the report can be easily and exactly made, and no impossibility confronts the commissioners such as was held in Matter of East One Hundred and Seventy-Ninth Street to render it impracticable to include interest in the assessment. Nor is it apparent how any injustice is done to the owners of benefited property by the inclusion of this interest in their assessment. The rule of damages which applies when the title does not vest until the confirmation of the report is that the value shall be fixed as of the date of the report, by which time, in ordinary cases, the value of the property is likely to be greater than at any earlier date. Assuming that the assessed property is to be benefited by the improvement—and it is only upon that assumption that it can legally be assessed at all—it begins to enjoy the benefit as soon as the improvement is completed, and, the longer the completion is delayed, the longer is the enjoyment of the benefit postponed. The purpose and effect of vesting title in the city before the commissioners of estimate have completed their work and had their report confirmed is to advance by so much the completion of the contemplated improvement, and consequently advance by an equal length of time the enjoyment by the assessed property of the benefits resulting from the improvement. The power given to the city to acquire title to property required for a needed improvement in advance of the ascertainment of the compensation to be paid is a power given primarily and principally for the advantage of the owners of benefited property, and under the rules operative in this city as to the payment, through assessment, for such improvements, there is no injustice in assessing upon the benefited property the full compensation awarded to the owners of the property taken for the improvement. That compensation the Legislature has determined shall be the value at the time of taking, plus interest thereon to the date of the commissioners' report. The objection must be overruled, and the reports confirmed.

Objection overruled, and reports confirmed.